UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x--------------------------------------------------------x
JOSE KOZLOWSKI,

              Plaintiff,

        -against-

SCI COMPANY d/b/a INTERNATIONAL
AERO SERVICES,

              Defendant.
x--------------------------------------------------------x



**AMENDED COMPLAINT**

Docket No. 07 Civ. 00028

Plaintiff, Jose Kozlowski, by his attorney, Paul E. Kerson, Esq. and John F. Duane, Esq. of the law offices of Leavitt, Kerson & Duane, Esqs. and Paul E. Kerson, Esq. complains of the defendant, and alleges as follows, upon information and belief:

### JURISDICTION

1. The instant Complaint was initially filed in the Supreme Court of the State of New York, County of Orange, under Index No. 2006-9347 on November 14, 2006.

2. The jurisdiction of this Court was invoked by the defendant in a Notice of Removal pursuant to 28 U.S.C. Section 1446(a) and (b) on or about December 27, 2006.

### AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF STATUTORY AND CONSTITUTIONAL RIGHTS

3. At all times hereinafter mentioned, plaintiff was and is a resident of Orange County, NY.

4. At all times hereinafter mentioned, defendant SCI Companies d/b/a International Aero Services, was and is a domestic and/or foreign corporation with a principal place of business in Orange County, NY.

1

5. At all times hereinafter mentioned, plaintiff was the Location Manager of defendant at its Newburgh, Orange County, NY location.

6. Plaintiff managed the loading and unloading of private airplanes at the Stewart Airport in Newburgh, Orange County, NY on behalf of the defendant.

7. Plaintiff was injured on the job working for the defendant and suffered from a fractured neck and tendinitis on or about December 2005. Plaintiff originally sustained a fracture in 1999. Plaintiff underwent surgery for a torn bicep on or about July 26, 2006. Plaintiff was left with considerable residual pain and suffering and did not make a full recovery. Plaintiff thus became disabled within the meaning of the New York State Executive Law Section 296 (The Human Rights Law of the State of New York).

8. On or about February 7, 2006, the defendant wrongfully discharged the plaintiff due to his aforesaid disabilities.

9. Upon information and belief, the defendant SCI Companies d/b/a International Aero Services does business with the United States Government.

10. As a result of the foregoing, the defendant has violated New York State Executive Law 296 (The Human Rights Law of the State of New York) as well as Section 504 of the Federal Rehabilitation Act of 1973, and has deprived plaintiff of his rights without due process of law in violation of Article 6 of the Constitution of the State of New York and the 5th and 14th Amendments of the United States Constitution.

11. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of loss of employment and because the actions of defendant has caused embarrassment, humiliation, and mental and emotional distress.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR BREACH OF CONTRACT

12. Plaintiff repeats, restates and alleges paragraphs 1-11 as if more fully set forth herein.

13. Defendant maintained an Employee Handbook which constituted a contract between plaintiff and defendant.

14. Page 22 of the defendant's Employee Handbook contains "Employee Rules of Conduct and Corrective Action Procedures." Defendant failed, neglected and refused to follow any of the "Employee Rules of Conduct and Corrective Action Procedures" when they wrongfully discharged the plaintiff, thus constituting a breach of the contract between plaintiff and defendant.

15. In the said Employee Handbook, at page 27, defendant maintains a section entitled "Problem Resolution". Defendant failed, neglected and refused to follow any of the procedures set forth in the "Problem Resolution" section on page 27 of its Employee Handbook when defendant wrongfully discharged the plaintiff, thus constituting a breach of contract between plaintiff and defendant.

16. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of loss of employment and because the actions of defendant has caused embarrassment, humiliation, and mental and emotional distress.

WHEREFORE, plaintiff demands judgment as follows:

(a) That the defendant, its officers, administrators and servants, be ordered and directed to reinstate plaintiff as the Location Manager of defendant's Newburgh, NY location with all benefits of that position as if plaintiff has been continuously employed from February 7, 2006 to the present time and

(b) That plaintiff recover damages of the defendant in a sum in excess of the jurisdictional limits of all lower courts which might otherwise exercise jurisdiction, and

(c) That plaintiff be awarded such counsel fees and expert witness fees as the Court may deem reasonable under the circumstances, and

(d) That plaintiff have such other and further relief as to the Court may seem just and proper together with the costs and disbursements of this action.

Dated: June 4, 2007  
New York, NY

PAUL E. KERSON  
JOHN F. DUANE  
Leavitt, Kerson & Duane  
Attorneys for Plaintiff  
99 Park Ave., Suite 800  
New York, NY 10016  
(212) 973-9339

PAUL CLIFFORD BRITE  
Attorney for Plaintiff  
1661 Route 300  
Newburgh, NY 12550  
(845) 566-0015